**IN THE COURT OF APPEALS OF IOWA**

No. 22-1206
Filed February 22, 2023


**IN RE THE MARRIAGE OF MORGAN AUDRA BORCHERDING
AND TY DANIEL BORCHERDING**

**Upon the Petition of**
**MORGAN AUDRA BORCHERDING n/k/a MORGAN AUDRA SYMENS,**
     Petitioner-Appellee,

**And Concerning**
**TY DANIEL BORCHERDING,**
     Respondent-Appellant.
_____


     Appeal from the Iowa District Court for Franklin County, DeDra Schroeder,

Judge.


     Ty Borcherding appeals the visitation provisions of a dissolution

modification order.  **AFFIRMED.**


     Brian D. Miller of Miller & Miller, P.C., Hampton, for appellant.

     Terry D. Parsons of Olsen & Parsons Law Firm, Cedar Falls, for appellee.


     Considered by Bower, C.J., and Badding and Buller, JJ.

**BOWER, Chief Judge.**

Ty Borcherding appeals the district court's modification order denying his request for overnight visitation with his children. Borcherding has not established a material change in circumstances warranting modification, and we affirm.

**I. Background Facts & Proceedings.**

On January 4, 2018, the district court approved a dissolution order ending the marriage between Ty Borcherding and Morgan Borcherding (now Symens), the parents of two children born in 2013 and 2014. The parties both represented themselves during the dissolution and utilized court-approved forms, which Symens filled out and Borcherding reviewed, agreed to, and signed. They filed a settlement agreement and parenting plan, which the court approved. In the parenting plan, Borcherding and Symens agreed to joint legal custody, physical care with Symens, and "reasonable visitation as the parents agree" for Borcherding. The plan set Borcherding's visitation as every Sunday from 8 a.m. to 6 p.m., Wednesday evenings from 3 p.m. to 7 p.m., and specified holidays. Further, a parent could call the children at reasonable hours when not in the parent's care. No provision was made for summer or school holidays.

In August 2021, Borcherding filed an application for rule to show cause, alleging Symens claimed both children as dependents on her 2019 tax returns in violation of the dissolution decree, which adversely affected Borcherding's tax returns and anticipated stimulus payments. The court dismissed the application, noting Borcherding owed Symens a significant amount in back child support and the parties needed to calculate and negotiate from there.

In January 2022, Borcherding filed a petition for modification of the dissolution decree.[1]  Borcherding alleged Symens had denied him longer and additional visitation with the children and was not fostering his relationship with the children.  He asserted Symens was attempting to alienate the children from him and refusing reasonable visitation, creating a material change in circumstance to merit modification.  He requested "reasonable and liberal visitation rights," including overnights, additional holidays, and time during school breaks and summer.

Symens filed her answer and a counterclaim.  She noted Borcherding had agreed to the original parenting plan and did not exercise the visitation he already had, rarely if ever exercising his Wednesday visitation.  She requested the court remove the Wednesday visits from the parenting plan and recalculate child support.

At trial, Borcherding stated he had asked in the past many times for overnights, summer visitation, and to take the children on vacation, with Symens telling him no.[2]  He agreed he had not exercised his Wednesday visitation because he usually worked until six or seven in the evening.

Symens testified Borcherding missed about half of his Sunday visits, primarily in the first two years after the divorce, and all Wednesday visits.  She testified Borcherding had never requested overnights with the children.

---

[1] In count II of the modification petition, Borcherding raised the same tax issue the court had dismissed in his show-cause application.

[2] Borcherding did not present any evidence showing he had requested and been denied visitation, though he had presented text message evidence on other topics.

The district court found, "Nothing has changed since the parties' dissolution that would warrant expanded visitation." The court also found Borcherding had ceased Wednesday visits on his own volition, not due to any action by Symens. The court modified the visitation schedule to eliminate Borcherding's Wednesday evening visits, resolved the tax issue, and modified Borcherding's child-support obligation.

Borcherding appeals the visitation portion of the ruling.

**II. Standard of Review.**

"Actions for the modification of a dissolution decree are tried in equity." *In re Marriage of Roberts*, 954 N.W.2d 757, 760 (Iowa Ct. App. 2020). Therefore, our scope of review is de novo. Iowa R. App. P. 6.907. "Though we make our own findings of fact, we give weight to the district court's findings." *In re Marriage of Harris*, 877 N.W.2d 434, 440 (Iowa 2016). "[W]e recognize the reasonable discretion of the trial court to modify visitation rights and will not disturb its decision unless the record fairly shows it has failed to do equity." *In re Marriage of Salmon*, 519 N.W.2d 94, 95 (Iowa Ct. App. 1994).

**III. Analysis.**

As the parent seeking to modify the visitation schedule, Borcherding "must establish by a preponderance of evidence that there has been a material change in circumstances since the decree and that the requested change in visitation is in the best interests of the children." *See id. at* 95–96.

First, we examine the threshold issue of change in circumstances. Borcherding suggests the parties' disagreement about what "reasonable visitation" means is sufficient to constitute a material change in circumstances. Borcherding

does not assert Symens deprived him of the visitation ordered, just that she does not allow him additional overnight visitation.[3] That Borcherding may have changed his mind since the time of the decree on what "reasonable visitation" should be is not sufficient to establish a material change in circumstances. Borcherding has not proven by a preponderance of evidence Symens has denied him the visitation he is entitled to. He has not met his burden to establish a material change in circumstance.

The court did find a material change in circumstances supporting Symens's counterclaim for a change to the visitation schedule. In particular, Borcherding's failure to exercise his weekday visitation, maintain contact with the children outside his Sunday visits, or be involved in the children's schooling or medical care was sufficient change in circumstance to support eliminating the unused weekday visitation from the decree. The court's ruling does not affect the visitation Borcherding actively exercises and does not fail to do equity between the parties.

Because Borcherding failed to establish a material change in circumstances, we do not address his argument about what constitutes reasonable and liberal visitation under Iowa law.[4] We affirm.

---

[3] Even for this contention, Borcherding offered no evidence beyond his and his girlfriend's testimony. The district court specifically found Symens's testimony that Borcherding never requested overnight visitations more credible, and we give weight to the court's witness credibility determinations. *See Salmon*, 519 N.W.2d at 95.

[4] Symens correctly notes that Borcherding's brief did not include the required error-preservation statement. *See* Iowa R. App. P. 6.903(2)(g)(1). The substantial-circumstances issue was clearly raised and decided by the district court and error preserved. *See In re Marriage of Dauterive*, No. 20-0382, 2021 WL 1017121, at *1 (Iowa Ct. App. Mar. 17, 2021) (collecting cases on error preservation in dissolution cases). Because we do not reach his additional claim, we need not address whether error was preserved.

**IV. Attorney Fees.**

Symens seeks an award of appellate attorney fees. "Appellate attorney fees are not a matter of right, but rather rest in this court's discretion." *In re Marriage of McDermott*, 827 N.W.2d 671, 687 (Iowa 2013) (citation omitted). "In determining whether to award appellate attorney fees, we consider the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *Id.* (internal quotation marks and citation omitted). In light of Borcherding's lack of success on the merits of his appeal, he shall pay $3000 toward Symens's appellate attorney fees. Costs are assessed to Borcherding.

**AFFIRMED.**